Honorable Jeremiah C. Lynch
Federal Magistrate Judge
Missoula Division
Russell E. Smith Courthouse
201 East Broadway, Room 370
Missoula, MT  59802

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION**

_____

| | |
|---|---|
| SUN MOUNTAIN LOGGING, L.L.C., SHERMAN G. ANDERSON, BONNIE ANDERSON, REX ANDERSON, TROY ANDERSON, WILLIAM E. BALAN, RICHARD B. BOGGESS, RODNEY BROWN, TODD CARLIN, MARK A. CROUCH, JUAN E. ESPINOLA, LIARD E. GUSTAFSON, DARRYL J. HENNING, LESILE K. HOLGATE, DALLIS HUNTER, JASON L. JENSEN, BRIAN LOTT, JEREMY LOTT, JEFFREY D. McQUEARY, DENNIS R. MORELOCK, BRYAN A. PORTER, ARTHUR M. RICHARDSON, RENE ROMERO, ROBERTO ROMERO, SEBASTIAN ROMERO, WALTER R. RONNEMOSE, DANIEL G. SAGER, CORBIN D. SIME, ANTHONY J. SMITH, THOMAS W. TAVENNER, and JAMES E. THORNTON, | CAUSE NO. CV 05-129-M-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
| Plaintiffs, | |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

_____

This matter comes before the Court on Defendant United

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 1

States of America's ("Government") Motion to Dismiss.[1]  Upon consideration of the briefs and materials of record, the Court hereby enters the following:

**RECOMMENDATION**

IT IS RECOMMENDED that the Government's Motion to Dismiss be **GRANTED** and the Plaintiffs' Motion for Partial Summary Judgment be **DENIED AS MOOT**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of the United States Magistrate Judge upon the parties.  The parties are advised that pursuant to 28 U.S.C. § 636, any objections to these findings must be filed with the Clerk of Court and copies served on opposing counsel within ten (10) days after receipt hereof, or objection is waived.

DATED this 31st   day of July, 2006.

                                         /s/ Jeremiah C. Lynch
                                         Jeremiah C. Lynch
                                         United States Magistrate Judge

**ANALYSIS**

**I. Background**

Plaintiff Sun Mountain Logging, L.L.C. ("Sun Mountain") is a

---

[1] In their response to Defendant's motion to dismiss, Plaintiffs moved for partial summary judgment on the merits. Because this Court is recommending that Defendant's motion to dismiss be granted, Plaintiffs' motion for partial summary judgment is moot.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 2

Montana limited liability company "which does business and is also found in those counties which comprise the Missoula Division of this United States District Court." Amend. Cmpl. at ¶ 2 (March 8, 2006). Sherman G. and Bonnie Anderson are managing members of Sun Mountain. Aff. of Sherman G. Anderson at ¶ 2 (July 5, 2006). "During the 1998 logging season the company was engaged as a subcontractor to harvest timber for the Mudd-York Salvage Timber sale in the Beaverhead-Deerlodge National Forest. Following harvest activities, discrepancies were discovered in the number of logs which had been removed from the sale area, and the number of logs which had been accounted for and billed by the Forest Service." Memorandum in Support of United States' Motion to Dismiss ("Gov.'s Memo") at 2 (June 2, 2006).  On July 16, 2001, after an investigation into these discrepancies, the Government suspended Sun Mountain "as a Government contractor and from entry unto federal lands[.]" Amend. Cmpl. at ¶ 12.  Sun Mountain appealed the suspension and "the Forest Service Suspending Official first terminated the suspensions, on June 26, 2002." Plaintiffs' Combined Answer Brief in Opposition to United States' Motion to Dismiss and Brief in Support of Plaintiffs' Motion for Partial Summary Judgment ("Sun Mtn.'s Br.") at 14: 7-8 (July 5, 2006).  According to the Complaint, the suspension was then vacated on July 2, 2002. Amend. Cmpl. at ¶ 14.

The Government appealed this decision. Sun Mtn.'s Br. at

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 3

14:9-10.  On November 14, 2002, an administrative law judge determined the Government's suspension of Sun Mountain was unlawful and vacated the original suspension. *Id.*, Ex A at 7.

On February 25 and 26, 2002 at a contested case hearing, Sun Mountain learned that Timber Sale Administrator Jim Freestone ("Freestone") had failed to report "hand tally log and additional volume counts...[Sun Mountain] had given him...to the United States Forest Service Billing Clerk for the Wise River Ranger District of the Beaverhead-Deer-Lodge National Forest." Aff. of Sherman Anderson at ¶ 7; Sun Mtn.'s Br. at 13:11-23.  In other words, it was Freestone's failure to report the number of logs to the billing clerk, not Sun Mountain's conduct, which eventually led to the suspension.  Moreover, Sun Mountain claims that through the Government's own investigation of the matter, it "gained firsthand knowledge, information and evidence" that Freestone was the cause of the discrepancies.  Amend. Cmpl. at ¶ 9.  Nevertheless, in spite of the fact that it knew Sun Mountain had provided correct hand-counted tallies and volume counts to Freestone, it did not report this information to Sun Mountain and proceeded to suspend it from further logging operations on federal lands. Amend. Cmpl. at ¶¶ 10-11.

Because of the conduct of the Forest Service and Freestone in the events surrounding its suspension, Sun Mountain, along with twenty-eight (28) of its employees, *Id.,* at ¶ 4, have filed

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 4

suit against the Government under the Federal Tort Claims Act ("FTCA"), in particular 28 U.S.C. §§ 1346(b), 2671 (2006) "and related provisions...for loss of property caused by the negligent and wrongful acts or omissions by employees of the Government." Amend. Cmpl. at ¶ 1.  In addition to claims against the Forest Service and Freestone based on the theory of negligence, Sun Mountain also alleges the Government's conduct in suspending it from July 16, 2001 to July 2, 2002 "interfered with Plaintiffs' prospective business relations and prospective economic advantages with Louisiana-Pacific Corporation and with other federal timber purchasers[.]" *Id.*, at ¶ 14.  Furthermore, Sun Mountain alleges this "wrongful disruption of the business relationship caused all the Plaintiffs damages in the form of property losses to business and incomes." *Id.*, at ¶ 15.

   The Government now moves to dismiss Sun Mountain's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). United States' Motion to Dismiss ("Gov.'s Motion") at 2 (June 2, 2006). Sun Mountain opposes the Government's Motion.

**II. Discussion**

   Although the Government advances several arguments as to why this Court lacks subject matter jurisdiction over this controversy, the threshold issue is whether Sun Mountain has complied with the statute of limitations for FTCA claims described at 28 U.S.C. § 2401(b) (2006).  The Court therefore

will first address the Government's contention that this Court lacks subject matter jurisdiction due to Sun Mountain's failure to comply with Section 2401(b).

## A. Subject matter jurisdiction under 28 U.S.C. § 2401(b)

28 U.S.C. § 2401(b)(2006) reads as follows:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996)(citing *Trentacosta v. Frontier Pac. Aircraft Indus., Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987)). Under the FTCA, "[t]imely compliance with § 2401(b) is a jurisdictional prerequisite." *Sanborn v. United States*, 764 F.2d 637, 638 (9th Cir. 1985)(citing *Fernandez v. United States*, 673 F.2d 269, 271 (9th Cir 1982); *Blain v. United States*, 552 F.2d 289, 291 (9th Cir. 1977)). Furthermore, since the FTCA "waives the immunity of the United States...we should not take it upon ourselves to extend the waiver beyond that which Congress intended." *United States v. Kubrick*, 444 U.S. 111, 117-118, 100 S. Ct. 352, 357 (1979)(citations omitted).

The Government claims Sun Mountain has not complied with the requirements under Section 2401(b) because its claim accrued when

it was suspended on July 16, 2001. Consequently, the Government asserts Sun Mountain had until July 16, 2003 to file an administrative claim, and it missed this deadline by not filing its claim until February 10, 2004. Gov.'s Memo at 16.

Sun Mountain argues it has complied with the jurisdictional prerequisites described in Section 2401(b). Sun Mountain contends July 21, 2001 is not the date of the accrual because "[a]t that time, Plaintiffs were neither aware of the cause of their alleged injury and who inflicted the injury." Sun Mtn.'s Br. at 13:6-7. Instead, Sun Mountain argues its claim did not accrue until the contested case hearing on February 25 and 26 of 2002, when it first learned of "Freestone's negligence and the negligent operational conduct of the entire suspension [.]" *Id.*, at 14: 22-24. "Only then did Plaintiffs learn the original cause of the entire episode: United States Forest Service employee, Jim Freestone's intentional, careless and negligent handling of operational reports submitted by Plaintiffs to him. Thus, Plaintiffs causes of actions did not accrue until February 25 and 26, 2002 because Plaintiffs were prevented from discovering the cause of their injuries and asserting their claim." *Id.*, at 15:16-21. Under Sun Mountain's calculations, it had until February 25, 2004 to file its administrative claim and met that deadline by filing on February 10, 2004. *Id.*, at 12:27-13:4.

Accordingly, whether Sun Mountain has complied with the jurisdictional prerequisites under Section 2401(b) is wholly

contingent upon the date at which Sun Mountain's claim is found to have accrued.

### 1. Accrual of Sun Mountain's claims under the FTCA

"The date on which an FTCA claim accrues is determined by federal law." *Bartleson v. United States*, 96 F.3d 1270, 1276 (9th Cir. 1996) (citing *Landreth v. United States*, 850 F.2d 532, 533 (9th Cir. 1988), *cert. denied,* 488 U.S. 1042, 109 S.Ct. 866, 102 L.Ed.2d 990 (1989)). "The general rule in tort law is that the claim accrues at the time of the plaintiff's injury." *Davis v. United States*, 642 F.2d 328, 330 (9th Cir. 1981). However, "[i]n certain cases, usually involving medical malpractice or hidden injuries, the claim does not accrue until the plaintiff knows or in the exercise of reasonable diligence should know of both the injury and its cause." *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984) (citing *Davis*, 642 F.2d at 330-331; *Steele v. United States*, 599 F.2d 823, 827 (7th Cir. 1979)).

In other words, in situations where the "fact of injury remains undisclosed...[Section 2401(b)] must be construed as not intended to start to run until the plaintiff has in fact discovered the fact that he has suffered injury or by the exercise of reasonable diligence should have discovered it." *Davis*, 642 F.2d at 330 (citing *Kubrick*, 444 U.S. at 120 n. 7, 100 S. Ct. at 358 n. 7). "Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it. The 'cause' is known when the immediate physical cause of the injury

is discovered." *Dyniewicz,* 742 F.2d at 486 (citing *Davis*, 642 F.2d at 331; *Steele*, 599 F.2d at 828); *See also Gibson v. United States*, 781 F.2d 1334, 1345 (9th Cir. 1984), *cert. denied,* 429 U.S. 1054 (1987) (discussing a sufficient basis to toll the statute of limitations under Section 2401(b) for suits under the FTCA).

At the time of the suspension, Sun Mountain knew it had been damaged. Amend. Cmpl. at ¶ 20.  It did not know the role Freestone played in its suspension and the extent of the Government's knowledge of Freestone's actions.  However, Sun Mountain's ignorance of these facts is not relevant for purposes of fixing the date on which the claim accrued.  Although Sun Mountain did not know precisely why it was suspended, it knew the damage directly emanated from the conduct of the Government, i.e., the act of suspension.  Accordingly, it knew "the fact of injury and its immediate cause", *Dyniewicz*, 742 F.2d at 487, when it was suspended on July 16, 2001.  The fact Sun Mountain may not have known of the precise factual predicate underlying the suspension does not operate to toll the period of limitations.[2]

---

[2]Sun Mountain suggests "extraordinary circumstances" exist to warrant equitable tolling. Specifically, it claims Freestone's testimony in February 2002 that he had not turned in Sun Mountain's hand tallies and volume counts of logs constitutes an "extraordinary circumstance". Sun Mtn.'s Br. at 15:3-23. The argument is not compelling. The phrase "extraordinary circumstances" refers to a very high standard that is only met where even the exercise of diligence would not have resulted in a timely filing. *See e.g., Stoll v. Runyan*, 1242 (9th Cir. 1999) (complete psychiatric disability during limitations period).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 9

"With knowledge of the fact of injury and its cause...[t]he burden is then on plaintiff to ascertain the existence and source of fault within the statutory period." *Davis*, F.2d at 331.

Moreover, the Government's failure to provide information about Freestone's role in the suspension does not toll the statute of limitations under Section 2401(b) because "[t]here are no grounds for tolling the statute of limitations based simply on the Government's knowledge of its own wrongdoing absent fraudulent concealment, or other forms of conduct that may be recognized as grounds for equitable tolling of the statute." *Id.* (citing *Borzeka v. Heckler*, 739 F.2d 444, 448 n. 3 (9th Cir. 1984).

Sun Mountain's argument for equitable tolling before this Court is nearly identical to an argument explicitly rejected by the Ninth Circuit in *Dyniewicz*.  In that case, plaintiffs' parents "were killed when a flood swept their car off a highway on the island of Hawaii[]" on March 17, 1980. *Id.*, 742 F.2d at 485.  Plaintiffs eventually brought a wrongful death suit against the State of Hawaii based on the accident that lead to their parents' deaths. *Id.*  "During the course of the state suit, appellants discovered that the negligence of National Park

---

Excusable neglect does not equate with "extraordinary circumstances". *Irvin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 10

Service rangers might have been a cause of the accident." *Id.* Subsequently, plaintiffs "filed an administrative claim with the Department of Interior on July 30, 1982." *Id.*

Since the plaintiffs did not file their administrative claim until roughly four months after the two-year statute of limitations under Section 2401(b) had expired, the Department of Interior denied their claim. Plaintiffs appealed the Department of Interior's decision. On appeal, plaintiffs argued their claim did not actually accrue until June 12, 1982 because "the first indication that United States' employees might have been involved was dispatcher's tape-recording discovered on June 12, 1982." *Id.* Plaintiffs argued they were well within the two-year statute of limitations because they filed their administrative claim on July 30, 1982.

The Ninth Circuit upheld the Department of Interior's dismissal of the claim. In rejecting plaintiffs' arguments to fix the date of accrual of their claim at June 12, 1982, the Ninth Circuit held that:

> Appellants knew both the fact of injury and its immediate physical cause, the flooded highway, when the bodies of Mr. and Mrs. Dyniewicz were found. The cause of action accrued at that time. Their ignorance of the involvement of United States employees is irrelevant. <u>Davis</u>, 642 F.2d 328 (cause accrued when plaintiff learned polio vaccine had caused his injury not when he discovered that HEW had negligently tested it); <u>Steele</u>, 599 F2d 823 (plaintiff's lack of knowledge that FAA had remote control power switch to transformer box, from which plaintiff received electric shocks, was irrelevant).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 11

*Id.*, 742 F.2d at 487.

Moreover, the Ninth Circuit found the Government's failure to disclose knowledge of its own negligence to plaintiffs was not sufficient to permit the equitable tolling of the statute of limitations under Section 2401(b).

> Appellants imply that the statute should be tolled because the Government knew of the negligence of the rangers and did not come forward with that information. If the Government has been negligent, it has no general duty to announce that fact to the world at large. There are no grounds for tolling the statute of limitations based simply on the Government's knowledge of its own wrongdoing absent fraudulent concealment, or other forms of conduct that may be recognized as grounds for equitable tolling of the statute.

*Id.* (citing *Borzeka v. Heckler*, 739 F.2d 444, 448 n. 3 (9th Cir. 1984).

Although Sun Mountain alleges the Government knew of Freestone's negligence at the time of the suspension and did not disclose this information to Sun Mountain, it is clear under *Dyniewicz* that this failure is not sufficient to permit the equitable tolling of the statute of limitations under 28 U.S.C. § 2401(b) (2006).[3]  Furthermore, Sun Mountain does not allege the Government's failure to disclose this knowledge was an act of fraudulent concealment.  Consequently, this Court concludes Sun Mountain failed to exhaust its administrative remedies in

---

[3]It should also be noted that when Sun Mountain learned of Freestone's behavior on February 25 and 26, 2002, it still had approximately 5 months to file an administrative claim and comply with the requirements of Section 2401(b).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE - Page 12

accordance with Section 2401(b), and that the Government's Motion to Dismiss should be granted.

———