FILED
MISSOULA, MT

2006 AUG 24   AM 7 56

PATRICK E. DUFFY

BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| SUN MOUNTAIN LOGGING, L.L.C., et al., | ) ) ) | CV-05-129-M-DWM |
| Plaintiffs, | ) ) | |
| vs. | ) ) | ORDER |
| UNITED STATES OF AMERICA, | ) ) | |
| Defendant. | ) ) ) | |

## I. Introduction

On July 31, 2006, United States Magistrate Judge Jeremiah C. Lynch signed his Findings and Recommendation (dkt #28) in this matter addressing Defendant United States of America's ("United States") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and Plaintiffs', Sun Mountain et al. ("Sun Mountain"), motion for summary judgment. Judge Lynch recommended dismissing the case due to Sun Mountain's failure to file their complaint within the time required by the statute of limitations. Sun Mountain timely objected and is therefore entitled to de novo review of the record. 28 U.S.C. § 636(b)(1) (2006). I agree

with Judge Lynch's analysis and find Sun Mountain's claims
untimely.  The Parties are familiar with the procedural history
and the factual background so they will not be restated.

## II.  Analysis

Judge Lynch correctly identified that the Court lacks
subject matter jurisdiction because Sun Mountain's claims are
barred by the two-year statute of limitation associated with 28
U.S.C. §§ 1346(b), 2671 (2006), the Federal Tort Claims Act
("FTCA") under 28 U.S.C. § 2401(b) (2006).  As the Findings and
Recommendation recited, Sun Mountain must prove the existence of
subject matter jurisdiction and claims filed under the FTCA must
comply with § 2401(b).  *Thompson v. McCombe*, 99 F.3d 352, 353
(9th Cir. 1996)(citation omitted); *Sanborn v. United States*, 764
F.2d 637, 638 (9th Cir. 1985)(citation omitted).  The two-year
mandate under § 2401(b) bars the claim and courts cannot extend
this time allotment.  *United States v. Kubrick*, 444 U.S. 111,
117-18 (1979)(citation omitted).

Sun Mountain's claims fail because the statute of
limitations ran out on July 16, 2003 and Sun Mountain did not
file suit until February 10, 2004.  Contrary to pertinent case
law, Sun Mountain argues that although it knew in July 2001 that
it had been damaged through the suspension of its contract to
work on federal lands, the point of accrual did not occur until
it learned of the negligence by the government employee in
February 2002.  Cases such as *Davis v. United States* stand for
the rule that when potential plaintiffs know of the injury they

-2-

must act within two years to file suit under the FTCA. 642 F.2d 328, 330 (9th Cir. 1981). While there may be exceptions for hidden injuries or medical malpractice actions, the law does not allow a party to wait to discover exactly who caused the injury to establish that injury exists. *Dyniewicz v. United States*, 742 F.2d 484, 486 (9th Cir. 1984)(citations omitted). Thus, Sun Mountain's potential claim accrued when the Government suspended its logging contract in July 2001.

In its objection Sun Mountain overstates *Dyniewicz's* allowance for a party to discover the cause of an injury before accrual. The caveat that the case acknowledges is where, with reasonable diligence, the affected party knows of both the cause and the injury. *Id.* The case further states that cause is "known when the immediate physical cause of the injury is discovered." *Id.* This caveat is inapplicable to Sun Mountain because as the case spells out, this exception is applied in physical injury cases and secondly, because at the point of the suspension enacted by the United States Forest Service, Sun Mountain knew it had suffered an injury and knew the Forest Service issued the suspension. As Judge Lynch stated, "[a]lthough Sun Mountain did not know precisely why it was suspended, it knew the damage directly emanated from the conduct of the Government, i.e., the act of suspension." Based on a reasonable diligence standard, Sun Mountain was not only aware of the injury but also of the cause when accrual began in July 2001. Consequently, the Court does not have subject matter

-3-

jurisdiction.

### III.   Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #28) are adopted in full: Defendant's motion to dismiss (dkt #14) is GRANTED; Plaintiffs' motion for summary judgment (dkt #20) is DENIED as moot; and  the case is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to notify the Parties and enter Judgment for the United States.


DATED this **24** day of August, 2006.


_____
Donald W. Molloy, Chief Judge
United States District Court